Howard A. Zeller, J.
In this proceeding petitioner seeks an order annulling a special election held April 11, 1974 by the Slaterville Fire District of the Town of Caroline in Tompkins County.
In March, 1974 the Board of Fire Commissioners of the Slater-ville Fire District adopted a resolution authorizing the issuance of bonds by the district for the purchase of a pumper fire truck. This resolution was submitted for the voters’ approval in a special referendum held April 11, 1974 as provided for by section 179 (subd. 1, par. [a]) of the Town Law. There were 199 votes cast with 101 approving the purchase, 97 opposing it and one void ballot. All qualified electors who had resided in the district for 30 days prior to the special referendum were allowed to vote on the issue of purchasing the pumper whether or not the electors voting were property owners. About 48 nonproperty owners did vote on the referendum.
¡Subdivision 2 of section 175 of the Town Law in part provides ‘ ‘ Every elector of the town who shall have resided in the fire district for the period of thirty days next preceding any election at which a proposition shall be submitted, who is the owner of property in such fire districti assessed upon the latest completed assessment roll of the town or towns in which such district is located, shall be qualified to vote upon such proposition.” (Emphasis supplied.) Petitioner contends that the board’s deviation from the property-owning limitations of subdivision 2 of section 175 requires annulment of the April 11, 1974 referendum. The board’s action in opening the referendum to all resident electors despite the statutory restriction to property owning electors was based upon its belief that the restriction was and is unconstitutional. *
*317 Insofar as subdivision 2 of section 175 of the Town Law confines the franchise in any election at which a proposition is submitted to property owners as therein described, it is unconstitutional. The participation in the special referendum here of qualified electors not owning property was legal. This determination is compelled by recent decisions of the United States Supreme Court and of the courts of New York.
The United States Supreme Court held that New York State could not confine the franchise in school district elections to specified groups in the absence of some compelling State interest being promoted by the exclusion of otherwise qualified voters. (Kramer v. Union School Dist., 395 U. S. 621; see Matter of Atkin v. Onondaga County Bd. of Elections, 30 N Y 2d 401, 404.) The Kramer holding is based upon the equal protection clause of the Fourteenth Amendment. On the same basis the court in Cipriano v. City of Houma (395 U. S. 701) then struck down a Louisiana statute restricting the franchise to property owners in elections for approval of revenue bonds to finance local improvements.
Nor would the Supreme Court sustain restriction of the franchise to property owners on bond elections to finance public improvements and services even though by express terms the bonds could produce a direct tax levy on property. (Phoenix v. Kolodziejski, 399 U. S. 204.) In Phoenix it is pointed out that much of the initial property tax burden is passed on to tenants or is recovered by business from the consumer.
Of more recent and equal pertinence is Matter of Wright v. Town Bd. of Town of Carlton (70 Misc 2d 1, mod. on other grounds 41 A D 2d 290, affd. 33 N Y 2d 977), that held unconstitutional so much of subdivision 3 of section 209-e of the Town Law, as limited the franchise of a referendum to create a water district to owners of taxable real property in the proposed district.
In writing for the majority of the appellate court in Wright, Justice Cardamone at page 293 said, citing Kramer (395 U. S. 621, supra) and Phoenix (399 U. S. 204, supra): “In order for voters who do not own real property to be denied the franchise it must appear that: (1) they were substantially less interested in the outcome of the election than those authorized to vote by the property ownership qualification, and (2) the interest promoted by limiting the franchise constitutes a compelling State interest and the exclusion from the franchise does effectuate this State interest * * * If those sought to be *318 .excluded will be substantially affected by the result of the election * * * the restriction is unconstitutional.”
The court then noted that nonproperty owning residents do have a substantial prima facie interest in a proposed water district. Expressly mentioned as one of the underlying elements of serving the common public weal involved in a proposed water district is that of fire protection. The majority then concludes (p. 293): “ that voters who do not own real property are equally, and not less, interested in the outcome of the referendum as those authorized to vote by the property owning qualification.”
Petitioner attempts to defend the. property owning limitation here on the ground that the referendum on the purchase of fire fighting equipment is a special and limited purpose matter requiring a vote on it to be limited to real property owners. Petitioner cites Salyer Land Co. v. Tulare Water Dist. (410 U. S. 719), and Associated Enterprises v. Toltec Dist. (410 U. S. 743), as sustaining the property owning requirement here.
However, nothing could be more ubiquitously destructive than fire, which does not discriminate between real and personal property or take note of the tax status of the person it harms. The benefits of fire protection are not confined to a special or limited class as was found to exist in water storage districts in Salyer and Associated Enterprises.
In Wright (70 Misc 2d 1, mod. on other grounds 41 A D 2d 290, affd. 33 N Y 2d 977, supra) the Salyer case was found not controlling and, as noted, held that fire protection for district residents was a basic purpose of the water district.
The facts here even more strongly than in Wright compel the conclusion that nonproperty owners in the district had an interest in the referendum equal to that of the property owners. This is so because in Wright not all of the water district could be served by its existing mains. Here, because of the mobility of fire fighting equipment, that service is extended to all residents of the district.
Petitioner has not shown in any way a compelling State interest requiring limiting the franchise in this case nor can one be discerned.
Petitioner also seeks to have set aside the published notice of the resolution on the bond issue to purchase the fire truck because, while it correctly provided for raising the sum of $40,500, it erroneously provided for the issuance of 10 bonds each in the principal sum of $4,500 rather than in the correct sum of $4,050. The error was purely typographical and is *319 deemed innocuous. The noticed limitation of $40,500 in the resolution would prevail in any case.
The petition herein should be dismissed upon the merits.

 Respondents’ answer erroneously refers to section 179 in setting forth the defense of unconstitutionality. That, defense is deemed to refer to subdivision 2 of section 175 of the Town Law.